**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**GERALDMONICE WILLIAMS**

      **Plaintiff,**          **CIVIL ACTION NO. 04-CV-73615-DT**

  **vs.**                        **DISTRICT JUDGE PAUL D. BORMAN**

**COMMISSIONER OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This Court recommends that Plaintiff's Motion for Summary Judgment be **DENIED** and Defendant's Motion for Summary Judgment be **GRANTED**. The decision of the Commissioner is supported by substantial evidence on the record.

## PROCEDURAL HISTORY

This is an action for judicial review of the final decision by the Commissioner of Social Security that the Plaintiff was not "disabled" for purposes of the Social Security Act. 42 U.S.C. §§ 423, 1382. The issue for review is whether the Commissioner's decision is supported by substantial evidence on the record.

Plaintiff Geraldmonice Williams filed an application for Supplemental Security Income (SSI) on September 24, 2001 alleging a disability onset date of April 1, 2000. (Tr. 45). Defendant initially denied Plaintiff's application on May 12, 2002. (Tr.33). Plaintiff received a hearing before ALJ Anthony B. Roshak on January 22, 2004. (Tr. 160). The ALJ issued a written opinion denying Plaintiff's claims on May 20, 2004. (Tr. 12-19). The Appeals Council subsequently denied review, and the ALJ's decision is now the final decision of the Commissioner. (Tr. 4); 20 C.F.R. § 404.981.

Plaintiff appealed the denial of her claims to this Court, and both parties have filed motions for summary judgment.

## MEDICAL HISTORY

Plaintiff was born on September 30, 1962. (Tr. 45). Plaintiff's primary medical complaints appear to be depression and persistent ear infections.

Treatment records from December 1996 to February 2000 show Plaintiff received treatment for conjuctivitis, vaginitis, ear pain and infection, and headaches. (Tr. 133). Plaintiff repeatedly requested narcotic painkillers, particularly Tylenol #3. (Tr. 139). Plaintiff's doctor concluded that these requests were "of a suspicious nature." *Id.* On June 9, 2000 Jeffrey Trager, D.O., examined Plaintiff. (Tr. 120-121). At that time Plaintiff had severe pain and swelling in her right ear, and Dr. Trager concluded that Plaintiff had acute otitis externa of the right ear and possible mastoiditis on the right side. *Id.* Plaintiff was given ear drops, tylenol, amoxicillin, and cortisporin. *Id.* On June 11, 2000 a CT scan of Plaintiff's head showed a retention cyst in Plaintiff's left maxillary sinus, mucosal thickening of Plainiff's right sinuses, opacification of Plaintiff's right mastoid air cells, and an opacificied and enlarged right mastoid antrum. (Tr. 124). Plaintiff sought treatment for abdominal pain following a miscarriage in July17 , 2001. (Tr. 141). An ultrasound taken that day revealed fibroid tumors in the uterine wall. *Id.*

On September 26, 2001. Plaintiff complained to Nazmul Haque, M.D. of anxiety and lumbar pain. (Tr. 140). Examination showed Plaintiff to be bleeding from her ears. *Id.* R. Motta M.D. examined Plaintiff for the Michigan Disability Determination Service on January 1, 2002. (Tr. 146). Plaintiff complained of ear pain and discharge, headaches, and pelvic pain. *Id.* Dr. Mutta concluded that Plaintiff had a recurrent moderately severe headache, chronic low back pain, daily lower

abdominal and pelvic pain secondary to fibroid tumors with menorrhagia, and chronic recurrent middle ear infections.  (Tr. 148).

A. Kumar, M.D., a psychiatrist, examined Plaintiff for the Michigan Disability Determination Service on April 17, 2002.  (Tr. 152).  Dr. Kumar diagnosed Plaintiff with a dysthymic disorder and possible recurrent major depression.  *Id.*  He gave Plaintiff a Global Assessment of Functioning (GAF) Score of 45 out of 100.  *Id.*  On April 19, 2002 Plaintiff was examined by John Fink, M.D., and ear, nose, and throat specialist.  (Tr. 155-57).  He observed that Plaintiff had bilateral perforations in her eardrums, which were clean and dry.  *Id.*  Auditory testing revealed inconsistent results.  Plaintiff demonstrated substantial auditory impairment during some tests, but was able to understand speech at a conversational volume without visual contact.  *Id.*

N. Khan, M.D. performed a Psychiatric Review Technique of Plaintiff on May 6, 2002.  (Tr. 93).  Dr.Khan concluded that Plaintiff had a dysthymic disorder with appetite disturbance, sleep disturbance, and psychomotor agitation.  (Tr. 96).  He found that Plaintiff had moderate limitations in her ability to understand and remember detailed instructions, to maintain attention and concentration, to interact with the general public, to set realistic goals, and to make independent plans.  (Tr. 107-109).

Claudette Bensen, a medical consultant, performed a physical capacity assessment for the Michigan Disability Determination Service on May 7, 2002.  (Tr. 111-117).  She concluded that Plaintiff could lift up to twenty five pounds frequently and fifty pounds on occasion, could stand, walk, or sit with normal breaks for six hours in an eight hour workday, and was able to perform work.  *Id.*

**HEARING TESTIMONY**

Plaintiff appeared without counsel at a hearing before ALJ Anthony B. Roshak on January 22, 2004. (Tr. 160). At the hearing, Plaintiff testified that in addition to her ear problems, she is substantially limited by low back pain, wrist pain, and abdominal pain. Plaintiff testified that she could sit for up to twenty minutes, stand for up to thirty minutes, walk up to half a block, lift up to fifteen pounds and carry up to eight and a half pounds. (Tr. 166-169). Plaintiff testified that she had no difficulty pushing, pulling, reaching, concentrating, grasping objects with her hands, stooping, crawling, crouching, or squatting, but that she had difficulty climbing, kneeling, dealing with co-workers, remembering instructions, maintaining attention, and hearing. (Tr. 169-170).

At the hearing, the ALJ also took testimony from Raymond Dulecki, a vocational expert. (Tr. 176-178). The vocational expert was instructed to testify about the availability of jobs for a hypothetical person of Plaintiff's age and educational level who had the limitations described in Plaintiff's testimony regarding her ability to sit, stand, walk, lift, carry, push, or pull. (Tr. 178). The vocational expert testified that such a person would be considered capable of sedentary work and that there would were several thousand jobs in the regional economy that such a person could perform. (Tr. 178).

**STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) gives this Court jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson,* 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  It is not the function of this court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In determining whether substantial evidence supports the Commissioner's decision, the Court must examine the administrative record as a whole.  *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even where substantial evidence also supports the opposite conclusion and the reviewing court would decide the matter differently.  *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## **DISCUSSION AND ANALYSIS**

The Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis.  In the first four steps, Plaintiff had to show that:

(1) she was not presently engaged in substantial gainful employment; and

(2) she suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) she did not have the residual functional capacity (RFC) to perform his relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(e); 20 C.F.R.. § 416.920(a)-(e). If Plaintiff's impairments prevented her from doing her past work, the Commissioner would, at step five, consider her RFC, age, education and past work experience to determine if she could perform other work.  If she could not, she would be deemed disabled.  20 C.F.R. § 404.1520(f).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant

can perform." *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987).  This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id*. (citations omitted).

The ALJ concluded that Plaintiff retained the RFC to perform unskilled sedentary work with a sit/stand option with no prolonged standing or walking.  The ALJ relied on the testimony of the vocational expert to conclude at that Plaintiff was unable to perform any of her past relevant work, but remained able to perform substantial work in the regional economy.

Plaintiff does not squarely present a legal challenge to the ALJ's decision, and suggests in her Summary Judgment that she does not want and "is not applying for SSI."  The Court assumes that Plaintiff still wishes to receive SSI benefits.  However, Plaintiff is only entitled to relief if the decision of the Commissioner is not supported by substantial evidence on the record.

In evaluating Plaintiff's subjective complaints, the ALJ concluded that Plaintiff was less than fully credible after comparing these complaints to the other evidence on the record.  Specifically, there is little or no objective medical evidence concerning Plaintiff's complaints concerning constant headaches, back, wrist, and abdominal complaints.  Plaintiff has not sought thorough medical evaluations of her wrist and back pain, the medical records fail to demonstrate that Plaintiff has been treated for any serious back or wrist pain, and at least one of Plaintiff's treating physicians has suggested that some of Plaintiff's complaints of pain have been motivated by a desire to acquire narcotics.  (Tr. 139).  Plaintiff's RFC is clearly supported by substantial evidence on the record.  In

-6-

determining Plaintiff's RFC, the ALJ properly followed S.S.R. 96-3p and S.S.R. 96-7p, and was free to weight and consider the objective medical evidence over own Plaintiff's testimony in determining Plaintiff's RFC.

The ALJ relied on the testimony of an adequately instructed vocational expert to determine, at step five, that Plaintiff was not disabled. The ALJ's step five finding is supported by substantial evidence.

## **RECOMMENDATION**

The Commissioner's decision is supported by substantial evidence. Plaintiff's Motion for Summary Judgment should be DENIED, and. Defendant's Motion for Summary Judgment should be GRANTED.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: 11/28/05                               s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Geraldmonice Williams and Counsel of Record on this date.

Dated: 11/28/05                               s/ Lisa C. Bartlett
                                              Courtroom Deputy